### McDONALD v. WESENDONCK et al.

(City Court of New York, General Term. November 16. 1899.)

UNDISCLOSED AGENCY.

> Defendants in an action on a contract of employment cannot show that they were merely acting for some one else, who was the real employer, plaintiff not having been so advised.

Appeal from trial term.

Action by Philip F. McDonald against Walter Wesendonck and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CON-LAN, JJ.

Lavinia Lally, for appellants.

Franklin Bien, for respondent:

CONLAN, J. This is an appeal from a judgment in favor of the plaintiff, entered upon a verdict, and from an order denying a motion for a new trial. The action was brought to recover upon an alleged agreement for employment between the plaintiff and the defendants, the amount demanded in the complaint being for six months' salary, less one payment admitted, and for a sum as commissions on the total amount of sales. There was a sharp conflict of evidence on the trial under the issues raised by a general denial to the complaint, and the preponderance of evidence appears from the record to have been on the side of the plaintiff, and this, it is believed, was the reason for the verdict. It is not the province of a court upon appeal to disturb the verdict of a jury where plain disputed questions of fact were submitted to them for their determination, and such a conclusion will only be reversed on appeal where it appears to have been reached through prejudice, influence, or other circumstances which clearly indicate that error was committed. We find none of these elements in the case as presented to us. The defendants sought to introduce upon the trial certain evidence which it was claimed would show the real relations between the defendants and another firm for whom it was claimed by them that they were only acting as bankers, and that this other firm was the real employer. It was not contended that the plaintiff was advised of such a situation of affairs, and we think that the evidence was properly excluded. It is a well-settled rule of law that a party is not permitted by his own acts to make evidence for himself, when knowledge of the act or of its purport is not brought home to the party to be affected thereby; and so, in this case, nothing of the dealings between the defendants and their client should be held to affect in any way an agreement solely made between the parties to the action. The plaintiff was fully corroborated by the witness Thurston on all of the material testimony given by him. To the charge itself there was no exception by the defendants, and, although certain requests were refused, they related more particularly to the evidence which was excluded upon the trial, as we have indicated above.

For the reasons stated, we are not inclined to disturb the findings of the jury, and the judgment and order appealed from should be affirmed, with costs. All concur.